IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

TERRY LAMAR McCOY                            PLAINTIFF

v.                     No. 4:20-cv-780-DPM

MARQUIS CREGGETT, Pine Bluff
Police Department; JEREMY OSWALT,
Detective, Pine Bluff Police Department;
S. KYLE HUNTER, Prosecuting Attorney,
Jefferson County; JOHN KEARNEY,
District Judge, Pine Bluff; and DOES           DEFENDANTS

ORDER

1. Motion to proceed *in forma pauperis*, Doc. 1, granted. The Court assesses an initial partial fee of $10.93. After the initial fee is collected, McCoy's custodian must collect monthly payments from McCoy's prison trust account each time the amount in the account exceeds $10.00. These payments will be equal to twenty percent of the preceding month's income credited to the account; and they will be collected and forwarded to the Clerk of the Court until the $350.00 filing fee is paid in full. 28 U.S.C. § 1915(b)(2). The payments forwarded on McCoy's behalf must be clearly identified by case name and case number.

2. The Court directs the Clerk to send a copy of this Order to the Administrator of the W.C. Dub Brassell Adult Detention Center, 300 East Second Avenue, Pine Bluff, Arkansas 71601.

3. The Court must screen McCoy's complaint. *Doc. 2*; 28 U.S.C. § 1915A. McCoy says he was unlawfully arrested and not read his *Miranda* rights. He also says he was unlawfully charged, denied counsel at his probable cause hearing, and has been detained without probable cause since July 2018. He seeks damages and asks that the charges against him be dismissed. *Doc. 2*. The public docket shows that McCoy is awaiting trial in Jefferson County for breaking or entering and theft of property. *State v. McCoy*, 35CR-18-421; *Doc. 2 at 2*. And the Court can take notice of those proceedings because they're directly related to the issues here. *Conforti v. United States*, 74 F.3d 838, 840 (8th Cir. 1996).

The Court must abstain from proceeding with McCoy's federal case because the criminal case is ongoing, Arkansas has an important interest in enforcing its criminal laws, and McCoy may raise his constitutional claims during his state criminal proceedings. *Younger v. Harris*, 401 U.S. 37, 43-45 (1971); *Mounkes v. Conklin*, 922 F. Supp. 1501, 1510-13 (D. Kansas 1996). Further, there's no indication of bad faith, harassment, or any other extraordinary circumstances that would make abstention inappropriate. *Tony Alamo Christian Ministries v. Selig*, 664 F.3d 1245, 1254 (8th Cir. 2012). McCoy's claims must therefore be

- 2 -

put on hold until there's a final disposition of his pending state charges. *Yamaha Motor Corporation, U.S.A. v. Stroud*, 179 F.3d 598, 603-04 (8th Cir. 1999).

* * *

**4.** This case is stayed; and the Court directs the Clerk to administratively terminate it. McCoy can move to reopen this case after final disposition of his state case, including any appeal. Any motion to reopen must be filed within sixty days of that final disposition. If McCoy doesn't file a timely motion to reopen or a status report 28 June 2021, then the Court will reopen the case and dismiss it without prejudice.

So Ordered.

*[signature]*
D.P. Marshall Jr.
United States District Judge

26 June 2020